BEA, J.,
concurring in part and dissenting in part.
I agree with the majority that we lack jurisdiction over petitioner Veronica Flor Rico-Landaverde’s claim that the IJ erred in finding her application for asylum untimely. And I also agree that our caselaw forecloses her argument that her conviction for endangerment is not a crime involving moral turpitude. But because I conclude that the IJ did not correctly apply the framework for determining competency set out in Matter of M-A-M-, 25 I. & N. Dec. 474 (BIA 2011), I think we should send the case back so the agency can apply its own binding precedent. And so, I respectfully dissent.
In Matter of M-A-M-, the Board of Immigration Appeals (BIA) announced the test for determining whether an alien is competent and set out a legal framework for making that determination. 25 I. & N. Dec. at 479-484. The BIA summarized its decision as follows:
[I]f there are no indicia of incompetency in an alien’s case, no further inquiry *669 regarding competency is required.' The test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses. If there are indicia of incompetency, the Immigration Judge must make further inquiry to determine whether the alien is competent for purposes of immigration proceedings. If the alien lacks sufficient competency to proceed, the Immigration Judge will evaluate and apply appropriate safeguards. The Immigration Judge must articulate the rationale for his or her decision.
Id. at 484.
Under the framework articulated in Matter of M-A-M-, respondents in immigration 'proceedings are presumed to be competent, and if there are no indicia of incompetency in a case, no further inquiry regarding competency is required. But where indicia of incompetency exist, the IJ “must make fu/rther inquiry to determine whether the alien is competent for purposes of immigration proceedings.” Matter of M-A-M- 25 I. & N. Dec. at 484 (emphasis added).
Here, there were sufficient indicia of incompetency before the IJ. Prior to Rico’s hearing, counsel for the Executive Office of Immigration Review (EOIR) submitted to the IJ a notice of Rico’s possible class membership in an action pending in the Central District of California challenging the standards for competency in immigration courts. EOIR informed the IJ Rico “ha[d] been diagnosed with Depression (Adjustment Disorder with Anxiety)” and that she may be “entitled to certain procedural protections” if she remains unrepresented. The notice then reminded the IJ that he should follow the Matter of M-AM- framework to determine whether Rico was indeed competent. Aside from the class notice, the record included a probation-violation report, which noted that Rico “has physical and mental health concerns” and “admits to suffering from mental health issues and states she has thought about harming herself recently.” The record also reflects more oblique indications of mental issues, such as her recurring problems with alcohol abuse, her multiple arrests for drunk driving, and her difficulty providing for herself and her eight American-citizen children. Taken together, I believe these indicia were sufficient to trigger the IJ’s duty under Matter of MA-M- to inquire further into Rico’s competency. That the IJ did not do.
The majority and I agree that Matter of ' M-A-M-s “further inquiry” requires IJs to undertake more than routine questioning before making a competency finding when faced with indicia of competency. But I cannot agree that the IJ’s questions to Rico were anything more than business as usual. At no time did the IJ inquire into Rico’s mental state, her mental-illness diagnosis, her problems with substance abuse, her treatment or any medications she was taking, or whether she was being treated while in detention. See id. at 480 (“The inquiries made should include questions about ... the respondent’s state of mind.”); see also id. at 480-81 (suggesting measures that an IJ could take to assess alien’s competency, including “ask[ing] the respondent whether he or she currently takes or has taken medication to treat a mental illness and what the purpose and effects of that medication are”).
Because the IJ failed to make the further inquiry required by Matter of M-AM- I would remand to the agency so that *670 it can properly apply its own precedent in the first instance. See Azanor v. Ashcroft, 364 F.3d 1013, 1020-21 (9th Cir.2004). I respectfully dissent.